## Case No. 15,008.

UNITED STATES v. DURKEE.
SAME v. RAND.
[Hoff. Op. 535.]

Circuit Court, N. D. California. Sept. 10, 1856.

CRIMINAL LAW — CONSOLIDATION OF INDICTMENTS AGAINST DIFFERENT PERSONS.

[The provision in the fee bill (Act Feb. 26, 1853; 10 Stat. 161) that, whenever there are "several charges against any person or persons for the same act or transaction," the whole may be joined in one indictment in separate counts, and, "if two or more indictments shall be found in such cases, the court may order them consolidated," does not authorize the consolidation of separate indictments against different persons, although the offence was joint, and they might have been jointly indicted.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[These were separate indictments against John L. Durkee and C. E. Rand for the crime of piracy. Defendants moved the court to consolidate the two cases, under Act Feb. 26, 1853.]

Wm. Blanding, U. S. Atty.

Crockett & Page, Baillie Peyton, and Wm. Duer, for defendant.

Before McALLISTER, Circuit Judge, and HOFFMAN, District Judge.

HOFFMAN, District Judge. In these cases separate indictments have been found against the above defendants for the same offence. It is not denied that the offence charged was committed by the defendants jointly, and that they might have been jointly indicted. Separate indictments having been preferred, the accused pleaded separately. A motion is now made to consolidate the indictments under the power given to the court by the act of February 26th, 1853. The only clause in the act which is supposed to confer this power is as follows: "Whenever there are or shall be several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in separate counts, and if two or more indictments shall be found in such cases, the court may order them consolidated." The case contemplated by the statute is evidently that of several offences growing out of one transaction, no matter by how many committed. And the provision was partly intended, perhaps, to remove any doubts that might previously have existed as to the right of joining distinct offences in the same indictment. It is observed by Wharton: "How far a defendant may be charged with distinct offences on different counts of the same indictment has received varied adjudication." Whart. Cr. Law, p. 203. The statute therefore provides for the joinder of several charges for the same transaction, or for two or more transactions connected together, or for two or more transactions of the same class of crimes and offences which might properly be joined; and this whether the charges be against one or more persons.

The provision in question occurs in the fee bill of 1853, and was intended to enable the court to expedite proceedings and diminish costs; and the succeeding clause provides that, whenever two or more indictments, suits or proceedings are or shall be prosecuted, which should be joined, the district attorney prosecuting them shall be paid but one bill of costs. There is no reason to suppose that any alteration of the law was intended affecting the right of either the government or the accused. It was merely proposed to remove any doubts as to the joinder of offences, and to oblige the prosecutor to make the proceedings as little expensive as possible. The language of the act is, "whenever there shall be several charges against any person or persons." I think that the term "several" is here used in its popular sense—i. e., meaning more than one. It cannot mean "separate" charges, that is, the same charge separately made against several defendants, for the language is, "whenever there shall be several charges against any person or persons." The fact that the statute contemplates that several charges may be made against one person, shows that the term "several" related to the charges and not to the persons. Had congress meant to provide for the joinder of several defendants in one indictment, they would not have allowed it in cases where charges are preferred for the "same act or transaction"; but when they are preferred for a joint act or transaction, parties can be jointly indicted only when the offence is "joint." But if any doubt remain as to the true construction of this clause, it is removed by the concluding words. It is provided that if there be several charges against any person or persons, the whole shall be joined in one indictment; if two or more indictments shall be found, they may be consolidated. The whole of what? Clearly, the whole of the charges. This language cannot be contrued to mean that all the defendants may be joined where the same charge is made against different persons. But further. How is "the whole to be joined in one indictment"? The statute declares "in separate counts"; still more clearly referring to the case of several charges or offences, and not to that of the same charge or offence alleged against different persons. I think it, therefore, beyond all doubt, that the statute merely meant to direct the joinder of different offences in one indictment in the cases enumerated in the clause above quoted, but had no reference whatever to the joinder of defendants in indictments for a joint offence. On that point the law is undisputed, that where more than one join in the commission of an offence, all or any number of them may be jointly indicted for it, or each of them may be indicted separately. When they are indicted jointly, the court may, in its discretion, give them the benefit of separate trials; but where they are indicted separately, we think the statute gives us no power to order them to be tried jointly, either on the application of the district attorney or of the accused.

McALLISTER, Circuit Judge, said that he thought that it was a question that was left altogether to the discretion of the court; but as there was some doubt about it, and his colleague was of opinion that the cases could not be consolidated, he concurred in the opinion delivered by him.

[The trial of John L. Durkee for the crime of piracy was then commenced, and is reported in Case No. 15,009.]